ACTION of covenant on a lease against an assignee of the lessee.
In July, 1832, Wm. Neall leased a saw-mill and farm to J. Coul-bourn for eight years, at $300 per year, the lessee covenanting for himself, 1st: to pay the rent; 2d: "to keep up all repairs of the mill:" and the lessor covenanting "to allow the said Coulbourn $50 out of the rent, which the said Coulbourn is to tear down the stack of chimnies and put up one on the east end of the cook-house, and one on the west end of the shed, the one in the cook-house to be an outside chimney."
The lessee entered and assigned the term to Goslin, the defendant. Neall, the lessor died, having devised the property to plaintiff's wife.
The breaches were for not keeping the mill in repair; and not building the chimnies.
It appeared in evidence that the mill was not in running order at the expiration of the term; that it would cost $40 to set her going, and $150 to put her in the same condition as at the beginning of the term. And for the defendant it was proved that a saw-mill would need thorough repairs every twelve or fifteen years, with ordinary repairs in the meantime. His counsel, therefore, contended — 1st. That the covenant to keep up all repairs, meant only incidental and not general repairs; and that it did not bind the defendant to restore the property to the same condition in which it was at the beginning of the term. 2d. That the covenant of Coulbourn to build the chimnies, *Page 339 
was not a covenant running with the land, and did not bind the assignee, who was not named in the lease. That it was an independent, personal covenant, binding on Coulbourn alone.
The plaintiffs counsel, contra, insisted that the covenant to tear down the old chimney and put up a new one, respected a thing inesse, and was a covenant running with the land, so as to bind the assignee of the lessee though not named. 2d. That the covenant for repairs was a general covenant, without exception of natural wear and decay; and required that the mill should be at all times kept in a condition to do as much work as at the beginning of the lease.
1. If a covenant extends to a thing in esse, parcel of the land demised, or the thing to be done by virtue of the covenant is in a manner annexed to and appurtenant to the land demised, or tends to the support of the thing demised, or directly affects the nature, quality or value of the thing demised, or the mode of occupying it, the assignee of the lessee is bound, although he be not named in the lease. (1 Wheat. Selw. 490, c; 1 Leigh N. P. 620.) The payment or allowance of the $50, out of the rent is, however, in this case a condition precedent to the obligation of building the chimnies, and must be proved to have been paid or allowed either to Coulbourn or Goslin. If paid to either, the defendant is liable to the extent of the cost of tearing down and putting up the chimnies, according to the requirements of the lease. 2. The covenant to keep up all repairs did not bind the lessee to do more than ordinary repairs. A different construction would make the tenant an insurer against natural wear and decay; and, on a long lease in reference to mill property, would in effect, bind him to re-build; for it was in evidence that a saw-mill would wear out and require re-building in twelve or fifteen years. Where the covenant is to keep the premises in good and substantial repair and condition, the tenant is only bound to keep up the house as an old house, and not to give the plaintiff the benefit of new work: keeping the premises in substantial repair is a sufficient compliance with the covenant. (1 Leigh N. P. 616; Roscoe Ev. 314.)
 The plaintiff had a verdict for $45.